**HOPSON et al. v. SWANSY.   (No. 1640.)**

Court of Civil Appeals of Texas. Beaumont.
Dec. 1, 1927.

1. **Religious societies ⬾14—Civil courts cannot question regularity of judgment of Baptist Church in matter of church polity, unless property rights are involved.**

The civil courts are without jurisdiction to question the regularity and finality of a judgment of a Baptist Church in a matter of church polity, except where property rights are involved.

2. **Religious societies ⬾14—Civil courts cannot construe usages and customs of Baptist Church.**

Civil courts are without jurisdiction to construe the usages and customs of a Baptist Church, and, when the church assumes to act, its decisions, when voiced by a majority of those present, are binding on all membership of such church until reversed or rescinded by succeeding lawful conference.

3. **Religious societies ⬾27(3)—Court will not review acts of members of Baptist Church whereby, pursuant to resolution, signing of new membership roll was required as condition precedent to voting at election of pastor.**

Where court ordered members of Baptist Church, disagreeing as to who was pastor, to hold an election, and prior to election a regular conference was held whereat a resolution was passed by majority of members present requiring signing of new membership roll in order to be eligible to vote at election, and pursuant thereto only such eligible members were permitted to vote at election of pastor, *held*, that civil court is without jurisdiction to interfere and hold such acts invalid.

Appeal from District Court, Jefferson County;   J. D. Campbell, Judge.

Petition for temporary injunction by Charles Hopson and others against J. R. Swansy, wherein injunction was granted against both parties. Thereafter on supplemental petition trial court refused to dissolve temporary injunction against plaintiffs, and they appeal. Reversed, and injunction dissolved.

E. M. Chester and E. E. Easterling, both of Beaumont, for appellants.

Marvin Scurlock and Jas. A. Harrison, both of Beaumont, for appellee.

WALKER, J.   Prior to the 23d day of September, 1927, there had been dissension among the members of East Mount Olive Baptist Church, colored, Beaumont, Tex., growing out of the efforts of the enemies of its pastor, J. R. Swansy, to force him out of the pastorate, and of his friends to retain him. One side insisted the pulpit had been declared vacant by a lawful vote of the conference of the church, and that Rev. John Roan had been elected to fill the vacancy, while Rev. Swansy's friends insisted that he had been retained by a lawful vote of the same conference. Roan's friends filed a petition in the district court, alleging his election to the pastorate and Swansy's refusal to yield the pastorate under the election, and prayed for a temporary injunction restraining Swansy from usurping the pulpit. This injunction was granted, as prayed for. Swansy answered denying the allegations made by the plaintiffs against him, and further by pleading his own re-election to fill the pulpit of the East Mount Olive Baptist Church, and prayed for a dissolution of the injunction against him. When the case was called for trial, the following judgment was entered by agreement:

"On this the 23d day of September, A. D. 1927, this cause coming on to be heard on the defendant's motion to dissolve the temporary injunction heretofore granted in this cause, came John H. Roan, and made himself a party to the cause, and the court after hearing the evidence of the defendants on their motion to dissolve the injunction, and the evidence of the plaintiffs, by agreement of counsel and the parties, the plaintiffs and defendants, the following agreement of said parties is to become and is hereby made the order of this court:

"(1) That the injunction heretofore granted is continued in effect until the further order of this court.

"(2) It is also ordered that John H. Roan be, and is hereby restrained from acting as pastor, or preaching at the East Mount Olive Baptist Church until the further order of this court.

"(3) It is further ordered that the congregation and members of the East Mount Olive Baptist Church give notice from the pulpit on Sunday the 25th of September, 1927, and the Sunday following, October 2, 1927, of the election to be held in said church on the night of October 7, 1927, for the purpose of electing a pastor for the East Mount Olive Baptist Church of Beaumont.

"(4) If there are more than one service on each of the Sundays upon which this notice is to be given, such notice shall be given at each of the Sunday services held.

"(5) It is further ordered that both John H. Roan and J. R. Swansy be and are hereby restrained from attending or being present at the said church meeting on October 7, 1927."

All things required by this judgment were performed by the members of the church, but previous to the election, at a regular conference of the church, on recommendation of its board of deacons, a resolution was passed by the conference to the effect that no one could vote in the election ordered by the court who did not sign a new membership roll. This resolution was presented and adopted on the ground that the church had no official roll of its membership and no way by which it could be determined with certainty who were entitled to vote in this election.

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rev. Roan's friends promptly signed the roll, while Rev. Swansy's friends, except a very few, refused to sign. By vote of the conference Rev. Asa Wilson, not a member of that church, was chosen to preside at the election. On the night of the election, the members of the church assembled, as directed by the court, for the purpose of electing a pastor. Rev. Wilson presided, and the election was held by calling the roll of the membership prepared under the resolution adopted for that purpose, and the member whose name was called announced his preference for pastor. The result was 84 for Rev. Roan and 2 for Rev. Swansy. Thereupon Rev. Roan was declared elected; but Rev. Swansy's partisans refused to recognize Roan as their pastor, and Swansy persisted in claiming the office. Rev. Roan's friends then filed a supplemental petition, alleging the result of the election, and prayed the court to dissolve the temporary injunction restraining him from entering the pulpit and discharging its duties, and to continue in force the injunction against Rev. Swansy. Rev. Swansy answered this supplemental petition by alleging that approximately 275 members of the church in good standing attended the meeting for the purpose of voting, while the roll contained only about 90 names, and that no one except the 90 on the roll were permitted to take part in the proceedings; that a number of those not on the roll protested and insisted on their right to vote and participate in the proceedings, but were denied that right; that when the announcement of the result, 84 for Roan and 2 for Swansy, was made, the Swansy voters again demanded a right to vote, stating that they were church members in good standing and on the regular church roll, which they had with them and could show their right to membership by that roll, but notwithstanding that protest they were again refused the right to vote; that of those present at least 175 attended the meeting for the purpose of voting for Swansy, and had they been allowed to vote, Swansy would have received a majority; "that said election on October 7, 1927, was not a fair election expressing the will of the church, but was the result of a fraudulent conspiracy on the part of a small church minority, who were expert politicians, and the will of this minority was fraudulently and forcibly exercised on the majority in the manner above set out, and said election is no election and should be held void and of no force by the court." On the coming in of the supplemental petition and Swansy's answer, the trial court refused to dissolve the temporary injunction against Roan, and from that order this appeal is prosecuted.

## Opinion.

[1-3] This case is controlled by Minton v. Leavell (Tex. Civ. App.) 297 S. W. 615. There it was said:

"Membership in a church creates a different relationship from that which exists in other voluntary societies formed for business, social, literary, or charitable purposes. Church relationship stands upon a different and higher plane, and the right of a church to decide for itself whom it may admit into fellowship or who shall be expelled or excluded from its fold can not be questioned by the courts, when no civil or property rights are involved."

This statement was supported by Nance v. Busby, 91 Tenn. 303, 18 S. W. 874, 15 L. R. A. 801. The order of the court did not undertake to regulate the details of the election, further than as expressed therein. There was no provision in the order by which the qualified membership of the church could be ascertained. On these facts, it was the duty and privilege of the conference of this church to adopt such resolutions as would insure a fair election. There was nothing intrinsically unfair in requiring the members of the church to present themselves in such way that their right to vote could be determined. This they did in a regular church conference and by a lawful vote of the conference. Having determined, in the exercise of its authority, that this was proper and necessary in order that the vote might not be fraudulent, the civil courts are without authority to review this act. The civil courts are without jurisdiction to question the regularity and finality of the judgment of the church in a matter of church polity, except where property rights are involved. Paraphrasing a proposition in Minton v. Leavell: The congregation which adopted the resolution of which appellee is complaining was the highest tribunal of the church, and its judgment upon the qualifications of its members to vote in an election for pastor cannot be questioned by the civil courts. The meeting at which the resolution was passed was regularly called, and appellee and his friends had due notice of the meeting, and some of them were present at the meeting. It is conceded that the resolution providing for the roll of the church was adopted by a large majority of the members present. "If the courts assume jurisdiction to question the validity of a judgment of a church court upon a question of this character, the churches would be deprived of the right of construing and administering their church laws, and our proud boast of religious liberty and our absolute separation of church and state could no longer be proclaimed."

As the election was held under the order of the court, and was regular in all respects, it follows that the trial court erred in continuing the injunction against Rev. Roan. It is therefore our order that the judgment of the trial court be reversed, and that the injunction against Rev. Roan be dissolved, and that he be permitted to assume the duties of pastor of East Mount Olive Baptist Church, and that the temporary order granted by the

trial court against Rev. Swansy be and the same is hereby continued in force, restraining him from usurping the office of pastor and interfering with Rev. Roan in his discharge of the duties of the pastorate; but only to that extent. We perpetuate the injunction against Rev. Swansy on the conclusion that since the election held under the order of the trial court his further interference in the affairs of East Mount Olive Baptist Church would be unlawful and in the nature of a trespass. On no other ground could the civil courts entertain jurisdiction. While as a general rule we have no jurisdiction to entertain this contest and determine for this church whom it has chosen for its pastor, we do have jurisdiction to protect the duly elected pastor in the discharge of the duties of his office, as long as he is retained in that office by his congregation. However, this order against Rev. Swansy shall not be construed as in any way interfering with the rights of the members to call a new conference whenever they desire, and to elect a new pastor at any time they choose, in accordance with the usages of the Baptist Church, and nothing in this order shall be construed as prohibiting the members of the church from declaring its pulpit vacant, ousting Rev. Roan from the pastorate, and re-electing Rev. Swansy, should he be the choice of the majority. Should he be again elected to this pastorate, it follows, of course, that the injunction herein granted would be no longer binding. The civil courts are without jurisdiction to construe the usages and customs of the East Mount Olive Baptist Church, and when it assumes to act, its decisions, when voiced by a majority of those present, are binding upon all the membership of that church until reversed or rescinded by a succeeding lawful conference.

Reversed and injunction dissolved.