## CURRIE v. WALL et al.

No. 13913.

Court of Civil Appeals of Texas. Dallas.

March 12, 1948.

Rehearing Denied April 9, 1948.

Webster Atwell, Chas. S. McCombs, George Sergeant, W. O. Reed, J. C. Muse, Jr., Robert G. Payne, Charles D. Turner, Max R. Rosenfield, E. E. Berwald, Runge, Lane & Savage, and Alvin H. Lane, all of Dallas, for appellant.

Irion & Cain, of Dallas, Orville C. Bullington, of Wichita Falls, and Enoch G. Fletcher, of Grand Saline, for appellees.

BOND, Chief Justice.

This is an appeal from judgment of a district court of Dallas County, Texas, sustaining defendants' (appellees) motion, or plea to the jurisdiction of the court to determine, in advance of hearing on the merits, plaintiff's (appellant) cause of action as set out in his first amended original petition.

Plaintiff instituted the suit for injunctive relief against the several defendants from interfering with him in the discharge of his duties as Chairman of Dallas County Republican Executive Committee, alleging in his petition that he had been duly elected, qualified and acting in accordance with Texas Election Laws and the custom and usage of the Republican party of Texas, and in pursuance of the Dallas County Republican Convention exercised in party practice in Convention assembled; that as such Chairman he is entitled to the exclusive possession and peaceful enjoyment of said office with all rights, privileges and obligations therein appertaining.

Then, in extenso, plaintiff alleged, pertinent to this appeal, that, notwithstanding he was and is in possession of said office, conscientiously and efficiently discharging all duties thereof since June 1946, the defendant R. P. (Dick) Wall, aided and abetted by defendant George C. Hopkins, Sr., Chairman of the State Republican Executive Committee, on or about July 15, 1947, arbitrarily, unlawfully and without reason, justification, or excuse, asserted himself to be Chairman of the Dallas County Republican Executive Committee and did shortly thereafter begin an attempt to exercise the functions relative to that office and has, since that time, continuously done so in derogation of the rights and privileges of, and damage to the plaintiff. That the defendant Hopkins, as Chairman of the State Committee, has arbitrarily, unlawfully and wantonly proclaimed the defendant Wall to be the Dallas County Chairman, and, as State Chairman, caused the name of the plaintiff to be removed from the list of County Chairmen of the State, at State Headquarters in Dallas, Texas, and in every way interfering with plaintiff in the discharge of his duties, and will continue to do so unless restrained by writ of injunction.

Plaintiff further alleged that it is within his duties as County Chairman to receive various forms and materials for the holding of the several Precinct Conventions and County Conventions in Dallas County, and under party rules he is required to make returns from such Precinct Conventions to the County Convention, and from the County Convention to the State Convention, on forms provided by the State organization; that such returns are to be canvassed by the County Executive Committee, under supervision of the chairmanship of such Committee; hence the action of the defendants does and will cast a cloud upon the validity of all the acts done by plaintiff in the discharge of his duties in said office; and unless defendants are restrained and enjoined from interfering with him in the performance of his duties, and by decree of the court compelling defendants' recognition of him as the County Chairman, he will be divested of all rights and privileges of his office to which he has been duly elected. Plaintiff further alleged that he has no proper, adequate or complete remedy at law and no remedy except as outlined in his said petition. Hence prays that upon hearing, the court enter judgment declaring that plaintiff is the duly elected and acting official Chairman of Dallas County Republican Executive Committee; that defendant Wall be restrained and enjoined from any further efforts to act as such official; that the defendant Hopkins be

compelled to restore plaintiff's name to the list of County Chairmen of the State and thereafter accord him the same treatment which they are by law and party practices required to accord all other County Chairmen, including recognition of plaintiff as County Chairman of Dallas County, and to furnish to him all forms necessary or proper for the holding of any and all conventions, precinct, county and district, prescribed or hereafter to be prescribed by the State organization; including the forms for making proper returns to the County, District and State organizations. That each of said defendants be restrained and enjoined from in any way interfering with or hindering the plaintiff from performance of his duties as such Chairman; that plaintiff recover of and from defendants all costs in his behalf expended and that he have such other and further relief, general or special, at law or in equity, to which he may be justly entitled.

To plaintiff's petition the defendants, in limine, presented to the court their plea, or "suggestion of lack of jurisdiction," in that, it "clearly appears on face of plaintiff's first amended original petition heretofore filed herein on November 6, 1947, and from other pleadings filed in said cause, that this case embraces solely and only controversies within a political party and that there is no controlling statute applicable, and no clear legal right involved. Wherefore defendants say that this court has no jurisdiction to try this case and that same should be dismissed at plaintiff's costs, and so prays."

█ In sustaining defendants' plea to the jurisdiction, in advance of hearing on the merits, and before any action was taken, by exceptions or otherwise, to plaintiff's pleadings, the trial court sustained the plea, prefacing his conclusion on stipulation of the parties made in open court that the Republican candidate for Governor of the State of Texas in 1946, received more than 10,000 and less than 200,000 votes, and from plaintiff's "cause of action as set out in his first amended original petition that he has no jurisdiction of the alleged cause of action set out in said petition"; accordingly entered judgment dismissing the suit. So, too, in this appeal, our consideration of the issues involved is limited to whether or not the cause of action alleged by the plaintiff is within the jurisdiction of the district court to determine; we are not permitted to go outside of such pleadings, and, in absence of proof to the contrary, must assume that the allegations in plaintiff's petition are true.

█ The Constitution of Texas makes out a complete Judicial System, and defines the province of each of the designated courts. The district court is pre-eminently the trial court of general jurisdiction. The jurisdiction of the district court includes the power to determine, either rightfully or wrongfully; and if the district court has jurisdiction of the parties and subject matter, its determination of the controversy is clearly within that court's exclusive power. The nature of the suit, the parties thereto properly in court, and the subject matter involved are the determinative elements to impress jurisdiction upon the district court in determining issues raised in pleadings of the aggrieved parties. In dismissal of a cause of action raised in plaintiff's pleadings, without a hearing on the merits, it is not within the province of an appellate court to go beyond the pleadings upon which the trial court hinged its judgment.

In this case, on the factual background set out in plaintiff's petition, the trial court came to the conclusion that the court was without jurisdiction to determine the issues therein set out. So, too, we must reach our conclusion from the same basis, in determining, either rightfully or wrongfully, the action of the trial court in dismissing the suit. Appellee George C. Hopkins, Sr., had incorporated into the transcript its answer, raising controversial issues to plaintiff's petition and denial of much of plaintiff's allegations; and the appellees in this appeal earnestly urge our consideration of said answer in determining the jurisdictional question.

█ We think it is fundamental law that the defensive answer which clearly was not considered by the trial court, as evidenced by its judgment, has no legitimate place in the record of this appeal; no evidence having been introduced by either par-

ty, in support of, or against the trial court's ruling, other than the stipulation by all the parties that the Republican candidate for Governor in 1946, received more than 10,-000 and less than 200,000 votes. Either plaintiff's petition stated a judicial cause of action in law or in equity; or it did not; and no light can be cast upon that question by the allegations in Mr. Hopkins' answer.

In Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037, 1041, the Democratic State Executive Committee undertook to designate its candidate for office as the official Democratic nominee. The plaintiff in that case contended that the Executive Committee had no legal right to make such nomination and brought suit to restrain its action. In discussing the question as to the right of the party organization, unregulated by any statute, to protect its nominees for office, Chief Justice Phillips said:

"It is apparent that no legal remedy is available to prevent the legal right of the plaintiff to have his candidacy unopposed by an unlawful nomination being in effect destroyed, or to avoid the destruction of all prospect of his election, which, it is agreed, will be the result if the committee is permitted to make the proposed nomination. The first maxim of equity is that it will not suffer a right to be without a remedy."

█ If a mere candidate for office be entitled to such equity protection by the courts as related in the above cited opinion, it must necessarily follow that a party official whose office is provided for by statutes, and who has been elected thereto in accordance with the statutes, or in accordance with the party law and agreeable to party usage, is entitled to such protection. Courts of Texas have recognized, without any to the contrary, that the Chairman of a Democratic County Executive Committee is entitled to the protection of our courts in the title to and possession of his office; that suits seeking an adjudication of title to and possession of such Democratic office are within the jurisdiction of our courts.

In McCombs v. Stevenson, Tex.Civ.App., 195 S.W.2d 566, appellee laid claim to the chairmanship of the Dallas County Executive Committee as the result of an election;

Stevenson was then holding the office by appointment of the County Executive Committee; appellant's action was both injunctive and in nature of mandamus, invoking Article 1735a, Vernon's Annotated Civil Statutes, seeking a judgment declaring him lawfully entitled to said office of County Chairman, which relief, upon hearing, was denied. This Court affirmed the judgment of the trial court. In the opinion, various statutes relating to election of chairmen of political parties were cited, revealing that the election of such officials is regulated by statutes; and, after reviewing the evidence and the law, held that Stevenson was entitled to possession of the office of Chairman of the Dallas County Democratic Executive Committee.

In Pulliam v. Trawalter, Tex.Civ.App., 120 S.W.2d 108, 110, the San Antonio Court of Appeals, after reviewing the pertinent articles of our Statute providing for the election and certification of nominees by political parties of between 10,000 and 100,000 votes, and dealing with the manner of electing County Chairmen of such political parties, held:

"If the statutory law of this State had not declared the method and manner of choosing and selecting the party candidates of a party within the class of the Republican party the courts would have no right to pass upon that matter, but the law is clear and specific as to the manner of selection of party nominees and the law forbids the printing on the official ballots the names of persons who are selected in violation of the law."

█ The fundamental defect in appellees' contention that the trial court was without jurisdiction to determine the issue, is their erroneous premise—the sole question presented in the court below is whether or not the court had jurisdiction to determine a controversy between two members of the political party. If such was the issue raised in plaintiff's petition, there might be some merit in appellees' contention, but such is not the case. The appeal is before this court on a plea to the jurisdiction. The plea itself recites that it was presented to the court before any evidence was submitted and before any action was

taken on the pleadings; and the judgment of the court reveals what was before the court and the grounds on which it is based. While, as a general rule, courts do not have jurisdiction to determine for an organization whom it has chosen for its chairman, yet courts do have jurisdiction to protect a duly elected chairman in the discharge of the duties of his office. Hopson v. Swansy, Tex.Civ.App., 1 S.W.2d 419. Such are the facts set out in the case at bar. Appellant is entitled to a hearing on trial to the merits. Judgment of the court below is reversed and cause remanded for trial.

YOUNG, Justice (dissenting).

"Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving party government and discipline, to determine disputes within a political party as to the regularity of the election of its executive officers, or their removal, * * *." 29 C.J.S., Elections, § 88, pages 121, 122; Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037; Scurry v. Nicholson, Tex.Civ.App., 9 S.W.2d 747, affirmed Supreme Court, Nicholson v. Scurry, 119 Tex. 250, 28 S.W. 2d 512; Couch v. Hill, Tex.Civ.App., 10 S.W.2d 170; Pulliam v. Trawalter, Tex. Civ.App., 120 S.W.2d 108.

The foregoing principle is one of general acceptance, appellant arguing and the majority opinion apparently holding that the office in controversy is "provided for by statute." If, on the other hand, the manner of election and duties of such office (Chairman, Dallas County Republican Executive Committee) are not regulated by statute, the trial court quite properly held itself without jurisdiction to adjudicate an inter-party dispute. It is with this ruling of Judge Cramer that I agree.

Contrary to the contention that the Dallas County Republican Executive Committee is regulated by statute, appellant's organization, under the stipulation that it is a party receiving as much as 10,000 and less than 200,000 votes at the 1946 general election, is governed by arts. 3154 to 3158, Rev. Civ.Sts., Vernon's Ann.Civ.St. arts. 3154 to 3158, where a County Executive Committee (Republican) is not even mentioned, much less required. The statement just made is easily susceptible of demonstration.

A casual glance at Title 50, R.C.S., is all that is necessary to see that chapter 13 on "Nominations" is divided into six separate sections, viz.: (1) By parties of 100,000 and over (amended to 200,000 in 1945), taking in arts. 3100 to 3153 inclusive; (2) by parties of 10,000 and less than 200,000 votes (1945 amendment), arts. 3154 to 3158 inclusive; (3) nonpartisan and independent candidates, arts. 3159 to 3162; (4) parties without State organization, art. 3163; (5) city and town elections, art. 3164, and (6) Miscellaneous, arts. 3165 to 3167 inclusive.

The only political party in Texas that is required to nominate candidates by primary election is that numbered in bracket (1) above, polling more than 200,000 votes at the last general election, arts. 2978, 3101. The only statute in Texas pertaining to County Executive Committees is art. 3118, chapter 13 of Title 50; and to make out his case appellant surely must bring himself within the provisions of such article. It reads in part: "There shall be for each political party *required by this law to hold primary elections* for nomination of its candidates, a county executive committee, to be composed of a county chairman, and one member from each election precinct in such county; the committeeman from such election precinct shall be chairman of his election precinct, and the said county chairman shall be elected on the general primary election day; the county chairman by the qualified voters of the whole county, and the precinct chairman by the qualified voters of their respective election precincts." (Emphasis mine.)

It was agreed and stipulated at the hearing that the trial court should take "in connection with other pertinent matters," judicial knowledge of the fact that the Republican candidate for Governor of Texas in 1946 received more than 10,000 and less than 200,000 votes. And thereby art. 3118 has no application to appellant's controversy for two reasons: (1) The article itself is found only in section 1 of chapter 13,

bearing on political parties polling over 200,000 votes; and (2) by its very terms, having reference to political parties "required by this law to hold primary elections for nomination of its candidates." It would therefore follow that another organization such as the Republican Party, polling less than 200,000 votes, is expressly exempted from holding such primary elections for nomination of its candidates. In other words, appellant's Party, coming under sec. 2, is governed by arts. 3154 to 3158, and is not subject to any of the articles under sec. 1, with particular reference to art. 3118. Appellant concedes that the voting bracket determines the applicability of two of these five articles under sec. 2 (3155 and 3156), in view of which no logical reason is perceived why such bracket does not likewise determine the inapplicability of art. 3118. It may be that Dallas County Republicans maintain a County Executive Committee patterned after the last mentioned article; if so, the setup is consequent upon Party regulation and practice and not upon any requirement of the law.*

The majority opinion infers that there might be "some merit in appellees' contention" if we were but privileged to inspect defensive pleadings; holding that (a) in passing on a plea to the jurisdiction prior to a hearing on the merits, both trial and appellate courts are limited to a consideration of plaintiff's pleading (taken as true); and (b) the issue of a contest between two members of a political party is not raised by the *allegations of such petition.*

With all due respect, I submit that the foregoing majority conclusions are erroneous on both counts:

First, the pleading of *all* parties to a suit may be considered in determining the question of jurisdiction. In Galley v. Hedrick, Tex.Civ.App., 127 S.W.2d 978, 980, the order of dismissal for want of jurisdiction followed a hearing on the pleadings alone, the court observing " * * * It has long been the established law in this state that in adjudicating questions of jurisdiction, courts are not bound by the allegations of

the plaintiff's petition." In Texas Reciprocal Ins. Ass'n v. Leger, 128 Tex. 319, 97 S. W.2d 677, 678, our Supreme Court said in part: " * * * the pleadings of all parties could be looked to for the purpose of determining whether or not the court had jurisdiction of the case." See also Treaccar v. City of Galveston, Tex.Civ.App., 28 S.W.2d 276.

Second: Even on basis of his amended petition the issue was squarely raised of whether plaintiff or defendant Wall is rightfully Chairman, County Republican Executive Committee; petitioner alleging that he had been elected thereto in July 1946, confirmed in the position by vote of the Executive Committee later in November, his tenure extending to July 1948. Appellant admits, both in petition and brief, that George C. Hopkins as Chairman, Republican State Executive Committee, had directed the removal of his (Currie's) name from the list of County Chairmen, appointing Wall as successor, who has since assumed the duties of such office. Thus the instant controversy is again shown to be inter-party, not regulated by statute and with no clear legal right of property involved. In short, the only statute controlling of the instant record is one embodying into law the principle first above quoted; and, as applied thereto is adverse to appellant's claim of jurisdiction. Art. 3146, Vernon's Ann.Civ. St., provides: "Except for a place on party tickets for public elective offices, all contests within a political party shall be decided by the State, District, or County Executive Committee, as the nature of the office may require, each such Committee to retain all such powers and authority now conferred by law."

The question of judicial jurisdiction to determine controversies within political parties is made the subject of thorough discussion in Commonwealth v. Dunkle, 355 Pa. 493, 50 A.2d 496, 169 A.L.R. 1277, Annotations beginning p. 1281. The court there quotes from an earlier Supreme Court case (Kearns v. Howley, 188 Pa. 116, 122, 41 A. 273, 275, 42 L.R.A. 235, 68 Am.St.Rep. 852),

---

* Under Article 3154 a political party of the 10,000 to 200,000 voting bracket may nominate candidates by primary elections or by convention at the option of such party. Morris v. Mims, Tex.Civ. App., 224 S.W. 587.

the statement being equally pertinent here, viz.: "(Political Parties) must govern themselves by party law. The courts cannot step in to compose party wrangles, or to settle factional strife. If they attempted it, it may well be doubted whether they would have much time for anything else." [355 Pa. 493, 50 A.2d 498.]