R. P. (DICK) WALL ET AL V. RALPH W. CURRIE.

No. A-1730. Decided October 6, 1948.
(213 S. W., 2d Series, 816.)

*Irion & Cain* and *M. R. Irion*, of Dallas, for petitioner.

*Runge, Lane & Savage, Alvin H. Lane, Webster Atwell, Chas. S. McCombs, George Sergant, W. O. Reed, J. C. Muse, Jr., Robert G. Payne, Charles D. Turner, Max R. Rosenfield,* and *E. E. Berwald,* of Dallas, for respondent.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

Plaintiff, Ralph W. Currie, instituted this suit for injunctive relief against the several defendants, R. P. (Dick) Wall, et al, seeking to prevent interference with him in the discharge of his duties as Chairman of the Dallas County Executive Committee of the Republican Party. Plaintiff's allegations were to the effect that he had been duly elected, had qualified, and was acting as such chairman in accordance with the statutes and

law of Texas and the established party practice of the Republican Party of the State. He alleged that notwithstanding he was and is in possession of said office and acting in the discharge of its duties, the defendant, R. P. (Dick) Wall, on or about July 15, 1947, arbitrarily, unlawfully, and without justification or legal reason, proclaimed himself to be the Chairman of the Dallas County Republican Executive Committee, and shortly thereafter began to attempt to exercise certain functions of that office and has subsequently continued to do so in derogation of plaintiff's rights and privileges, to his damage.

Plaintiff also alleged that one of the defendants, George C. Hopkins, Sr., Chairman of the Republican State Executive Committee, instructed another of the defendants, Helen Ackenhausen, Secretary of the Republican State Executive Committee, to remove plaintiff's name from the list of county chairmen and to substitute therefor the name of defendant Wall; and further, that these defendants were actively aiding and abetting Wall in his efforts as detailed above, thus hindering plaintiff in the pereformance of his duties as county chairman; and that such action was casting a cloud upon the validity of acts done by him in the discharge of his official duties and would continue so to do unless defendants were compelled to recognize him as county chairman and were restrained from interfering with him in the performance of his duties; and finally, that plaintiff had no plain, adequate and complete remedy at law.

Plaintiff prayed that upon final hearing he be declared the duly elected and acting Chairman of the Dallas County Republican Executive Committee and that defendant Wall be restrained from further efforts to act as such official; that the other defendants be compelled to restore plaintiff's name to the list of Republican county chairman of the state and accord him the same treatment they are required by law and party practice to accord all other county chairmen, specifying particularly the official recognition prayed to be accorded.

It is unnecessary, in view of the stipulation of the parties made in open court and the special plea presented in connection therewith by defendant, to state the averments of their defensive pleadings directed to the merits of the case.

The stipulation referred to is to the effect that the Republican candidate for Governor of the State received more than 10,000 and less than 200,000 votes. The special plea presented in connection with the stipulation suggested that it clearly appeared on the face of plaintiff's first amended original petition

filed Nov. 6, 1947, and from other pleadings filed, that the case embraced only controversies within a political party, and that there was no controlling statute applicable and no clear legal right involved; and that for this reason the court was without jurisdiction to try the case and that it should be dismissed. There was no hearing on the merits of the case, the trial court having concluded, in advance of such hearing, that the court had no jurisdiction of the alleged cause. Judgment of dismissal was accordingly rendered. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for trial on the merits, one justice dissenting. 211 S. W. (2d) 964.

Writ of error was granted on petitioner Wall's third point alleging that the Court of Civil Appeals erred in holding the office of Chairman of the Dallas County Republican Executive Committee to be an office provided for by statute. We adhere upon full consideration of the case to the tentative view expressed in granting the writ.

We find no more applicable pronouncement of the law than the following which is found at the outset of the dissenting opinion:

"Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving party government and discipline, to determine disputes within a political party as to the regularity of the election of its executive officers, or their removal, or to determine contests for the position of party committeemen or convention delegates." 29 C. J. S. pp. 121-122.

The following cases establish the law in this state in accordance with the foregoing statement: Gilmore v. Waples, 108 Texas 167, 188 S. W. 1037; Pulliam v. Trawalter, Tex. Civ. App., 120 S. W. (2d) 108; Couch v. Hill, Tex. Civ. App., 10 S. W. (2d) 170 (dismissed). To the same effect are Winn v. Wooten, 196 Ark. 737, 119 S. W. (2d) 540; 169 A. L. R. 1281; 20 A. L. R. 1035; 18 Am. Jur. p. 273.

The office of chairman of a Republican county executive committee is not regulated by statute, nor is jurisdiction over such office otherwise conferred by statute. The only Texas statute providing for county executive committees of political parties is one under the term of which the party is required by that law

to hold primary elections for the nomination of its candidates. Art. 3118, R. C. S. It provides in this connection the following:

"There shall be for each political party *required by this law to hold primary elections* for nomination of its candidates, a county executive committee, to be composed of a county chairman, and one member from each election precinct in such county; * * *." (Emphasis ours).

Jurisdiction and regulation of political parties are predicated on the voting strength of the parties at the preceeding general election. Articles 3101 and 3154, R. C. S. both as amended. If the party's voting strength at such election was such that 200,000 votes or more were cast by the party, all candidates for office to be filled by the voters of a county are required to be nominated in primary elections by the electorate of the party in such county. Art. 3101, as amended. The pertinent part of the cited statute reads:

"On primary election day in 1946, and every two years thereafter, candidates * * * to be chosen by vote of the entire State, and candidates * * * to be chosen by the vote of any district comprising more than one county, to be nominated by each organized political party that cast two hundred thousand (200,000) votes or more at the last general election, *shall* together with all candidates for offices to be filled by the voters of a county, * * * *be nominated in primary elections* * * *." (Emphasis ours).

On the other hand if a party's voting strength as measured by the number of votes cast for its nominee for Governor at the preceding general election is within the range between 10,000 and 200,000 votes, then such party may nominate in primary elections candidates for the offices specified. Art. 3154, as amended. The pertinent portion of the article last cited reads:

"Each political party, whose nominee for Governor in the last preceding general election received as many as ten thousand (10,000) votes and less than two hundred thousand (200,000) votes, *may nominate* candidates for State, district and county offices under the provisions of this law *by primary election,* * * *." (Emphasis ours).

It is seen from the two foregoing articles that only those political parties casting 200,000 votes or more at the last preceding general election *are required to nominate their candidates by primary election,* and that those parties whose nominees for

Governor in the last preceding general election received as many as 10,000 and less than 200,000 votes *may nominate* their can-candidates by primary election. They are not required to do so, however, as appears from the remaining portion of Article 3154. It reads:

"* * * they *may nominate* candidates for State offices and for United States Senator *at a State convention,* which shall be held the second Tuesday in August, and which shall be composed of delegates selected in the various counties and county conventions held on the first Saturday after primary election day, which shall be composed of delegates from the general election precincts in such counties elected therein at primary conventions, held in such precincts on the fourth Saturday in July." (Emphasis ours).

Article 3118, which provides for county executive committees, applies only to the political parties casting 200,000 votes or more at the last general election. No provision is made by that article of the statutes, or any other article, for county executive committees for political parties whose nominee for Governor in the last preceding general election received as many as 10,000 votes and less than 200,000, because such parties are not required to hold primary elections for the nomination of their candidates. The fact that they may nominate their candidates at a state convention in the manner stipulated instead of by primary election places them outside the purview of the statute (Art. 3118), and any county executive committee set up by convention or optional primary instead of by a required primary is a creature of the party rather than the result of statutory regulation. Such executive committees and their respective members are therefore subject to party, rather than statutory, control.

It was agreed and stipulated on the hearing that the court should take judicial notice of the fact that the Republican candidate for Governor of the State of Texas in 1946 received more than 10,000 and less than 200,000 votes, and the trial court did take judicial notice of this fact. This fact places the Republican party in Texas in the group not required to hold primary elections and for which no county executive committee is provided by law. It thus appears that the office of Chairman of the Dallas County Republican Executive Committee, title to which is in dispute here, is not an office provided for or regulated by any statute. Nor is there any statute specifically giving the courts jurisdiction to determine a political controversy such as this.

Respondent contends also that the chairman of a Republican county executive committee is a public official, and as such "is entitled to judicial process to protect him in the title to and possession of his office." This contention is not sustained by the authorities. It is well established in this state, as well as in a majority of the other states, that officers of a political party, such as members of a party executive committee, are not public or governmental officers, even when provided for by statutory law. Walker v. Mobley, 101 Texas. 28, 103 S. W. 490; McCombs v. Stevenson, Tex. Civ. App., 195 S. W. (2d) 566; Walker v. Hopping, Tex. Civ. App., 226 S. W. 146; People v. Kramer, 328 Ill. 512, 160 N. E. 60; Attorney General v. Barry, 74 N. H. 353, 68 Atl. 192; Commonwealth v. Dunkle, 355 Pa. 493, 50 A. (2d) 496; 18 Am. Jur. p. 271; 34 Tex. Jur., p. 332.

The cases set out in the majority opinion of the Court of Civil Appeals and others relied on by respondent as giving the courts jurisdiction of this type of suit are not controlling under the facts alleged by respondent, taken in connection with the stipulation of the parties. Those cases involved contests for the office of chairman of a Democratic county executive committee, which office is provided for and regulated by statute (the requisite number of votes having been cast at the preceding general election) ; or for a public office, which type is not involved here; or for an office to which emoluments were attached, which is not the case here.

The allegations of respondent Currie's amended petition, when considered in connection with the stipulation of the parties in open court, clearly show that the controversy involved is one over a party office, and not one provided for, or regulated by, statute (the requisite number of votes not having been case at the preceding general election) ; and that as such the controversy was one to be determined within the party. We are of opinion, and so hold, that the trial court acted properly in sustaining respondent's plea to the jurisdiction and in dismissing the suit.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered October 6, 1948.

No motion for rehearing filed.