**RUNYON v. KENT.**

No. 12271.

Court of Civil Appeals of Texas.
San Antonio.

April 25, 1951.

Rehearing Denied May 31, 1951.

E. T. Yates, Brownsville, for appellant.

Fred B. Wagner, Brownsville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by A. M. Kent, seeking a judgment declaring him to be the duly constituted County Chairman for the Democratic Party in and for Cameron County, Texas, and directing Robert Runyon and the other members of the Democratic Executive Committee of Cameron County, to turn over to him the records, minutes, books, monies and other assets which should be legally in the custody and charge of him as County Chairman. By trial amendment plaintiff further asked the court to issue a writ of injunction, ordering Runyon to desist from further interfering with plaintiff's conduct of the office of County Chairman, and to desist from interfering with plaintiff's efforts to organize the Democratic Executive Committee of Cameron County.

The trial was to the court without the intervention of a jury and resulted in judgment for plaintiff as prayed for, from which judgment Robert Runyon has prosecuted this appeal.

We are met at the threshold of this case with the question of the jurisdiction of the trial court and, on appeal, of our own jurisdiction over the controversy presented by this suit. Appellee, Kent, contends that he was duly elected County Chairman of the Democratic Party of Cameron County at the general Democratic Primary Election held on July 22, 1950, having received a majority of 1,503 of the total votes cast for County Chairman. However, on July 29, 1950, at a meeting of the Democratic Committee of Cameron County, at which appellee contends there was not a quorum present, he was illegally removed as County Chairman and appellant, Robert Runyon, named in his place.

■ It has definitely been held by the Supreme Court of this State that "Courts have no power to interfere with judgments of constituted authorities of established political parties in matters involving party government and discipline, to determine disputes within such parties as to regularity of election or removal of their executive officers, or to determine contests for positions of party committeemen or convention delegates, except to extent that such jurisdiction is conferred or subject regulated by statute." Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816, reversing Court of Civil Appeals opinion, Currie v. Wall, 211 S.W.2d 964.

In Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816, 819, the Supreme Court held that the courts have no jurisdiction to determine a contest between two parties for the office of County Chairman of the Republican Party, but indicates that it might hold differently if the contest was for the office of County Chairman of the Democratic Party, in the following language: "The cases set out in the majority opinion of the Court of Civil Appeals and others relied on by respondent as giving the courts jurisdiction of this type of suit are not controlling under the facts alleged by respondent, taken in connection with the stipulation of the parties. Those cases involved contests for the office of chairman of a Democratic county executive committee, which office is provided for and regulated by statute (the requisite number of votes having been cast at the preceding general election); or for a public office, which type is not involved here; or for an office to which emoluments were attached, which is not the case here."

Among the cases referred to in the Court of Civil Appeals' opinion, found in 211 S.W.2d 964, is the case of McCombs v. Stevenson, 195 S.W.2d 566, which was a suit for the office of Chairman of the Dallas County Executive Committee in which the courts did take jurisdiction. The opinion does not reflect that the question of jurisdiction was raised or decided.

■ We regard the opinion of the Supreme Court in Carter v. Tomlinson, 227 S.W.2d 795, 797, reversing the Court of Civil Appeals' opinion in 220 S.W.2d 351, as controlling here. The suit involved, among other things, the removal of the Democratic Executive Committeeman and Committeewoman of Tarrant County District. The Supreme Court said:

"At the very outset we must decide if this cause presents a justiciable matter for the courts, or if the Legislature has taken

such jurisdiction away from the courts and lodged the jurisdiction over contests of this character solely within the party convention and other party machinery.

\*　　\*　　\*　　\*　　\*　　\*

"Article 3146 was one of the articles amended, and it now provides that all contests shall be decided within the political party, *'except for a place on party tickets for public elective offices'*. When Articles 3107 and 3146 are construed together, the conclusion is inescapable that respondents were not seeking places on the party tickets for public elective offices, and the action of the convention was final. The rule is well settled in this State that the contest of an election, lacking the elements of a civil suit, is a political rather than a judicial question, and the courts under their general powers, legal and equitable, have no jurisdiction of such controversy. 16 Tex. Jur. p. 135, § 111.

"The District Court did not have jurisdiction to try the matters alleged by respondents relating to the political offices they sought to retain, nor did it have jurisdiction to issue the temporary injunction against petitioners; and the trial court and the Court of Civil Appeals erred in holding that it did have such jurisdiction."

See, also, Commonwealth ex rel. Koontz v. Dunkle, 355 Pa. 493, 50 A.2d 496, 169 A. L.R. 1277.

■ Art. 3146, Vernon's Ann. Civ. Stats., as amended in 1941, by its provisions, takes away from the courts all jurisdiction to decide contests over the office of Democratic County Chairman of the County Executive Committee, if in fact the courts ever had such jurisdiction.

The office of Democratic County Chairman is a political office and not a "public elective office," and the contest here presented is not one over which the courts have jurisdiction, but one which "shall be decided by the \* \* \* County Executive Committee". Art. 3146, supra.

The judgment of the District Court is reversed and judgment here rendered dismissing the cause at the cost of appellee.

Reversed and dismissed.