

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 23, 1960

Honorable Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-943

Re: Based on the certificate on
behalf of the Prohibition
Party filed in the Secretary
of State's office, whether
it is the duty of the Secre-
tary of State to certify
for the general election
ballot the candidates of
said party for President
and Vice-President.

Dear Mr. Steakley:

You have asked our advice on whether, upon the basis of
the following certificate which has been filed in your office, it
is your duty to certify for the general election ballot the candi-
dates for President and Vice-President listed in the certificate:

"TO THE HONORABLE SECRETARY OF STATE OF TEXAS
Austin, Texas

"THIS IS TO CERTIFY that at a Convention of
the Prohibition Party of Texas, official notice
of which was published and mailed ten (10) days
in advance of said Convention, which was held in the
City of Houston, Texas on the 18th day of August
1960, the following persons were nominated as
candidates of the aforementioned Prohibition Party
as Presidential Electors.

"We hereby request, in accordance with the
laws of the state of Texas, that their names be
filed as electors of the Prohibition Party, and
WHEREAS the National Convention of the Prohibition
Party, assembled at Winona Lake, Indiana, September
1,2,3, 1960, nominated for President of the United
States, Rutherford L. Decker of Missouri, and for
Vice President of the United States, E. Harold Munn

of Michigan, we request that their names also be placed on the ballot.

"The persons nominated as Presidential Electors by the Texas State Convention are as follows: /There are then listed the names and addresses of 24 individuals, all of whom are shown to be residents of Houston, Texas./

/s/ W. O. HICKS
W. O. Hicks -- Chairman of Convention

/s/ LLOYD WYSONG
Lloyd Wysong -- Secretary of Convention

/s/ W. O. HICKS
W. O. Hicks -- Chairman of State Prohibition Committee

/s/ LLOYD WYSONG
Lloyd Wysong -- Secretary of State Prohibition Committee"

The authority of the Secretary of State to raise and pass on questions of the legality of nominations which have been certified to him is confined to matters which appear on the face of the certificate itself or in official records. If a certificate is regular on its face and there is nothing in the official records to impeach the validity of the nomination, it is his duty to act upon the nomination as one having been lawfully made, and any question of illegality depending upon facts dehors the record must be left to the courts to decide. Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938 (1954); Ferris v. Carlson, 314 S.W.2d 577 (Tex.Sup. 1958); Baker v. Porter, 333 S.W.2d 594 (Tex.Sup. 1960); Att'y Gen. Op. V-1529 (1952).

Under the provisions of Articles 11.02-11.03 and Article 6.05 of the Election Code, the names of party nominees for President and Vice-President are printed on the general election ballot and a vote for the party nominees is counted as a vote for the electors of the same party. There is no statute regulating the time and manner for selecting party nominees for President and Vice-President, but by custom this is done at national conventions composed of delegates from the participating states. Article 11.04 of the Election Code provides for the

certification of the nominees to the Secretary of State as follows:

> "The names of the candidates for President and Vice-President, respectively, of the Political Party as defined in the Law, shall, at least 35 days prior to the election, be certified to the Secretary of State by the chairman and secretary of the State Committee of said party."

On its face, the certificate which has been filed in your office complies with this statute and with Article 13.39 of the Election Code, which provides that every certificate of nomination made by the president of the State convention, or by the chairman of any executive committee, must state when, where, by whom, and how the nomination was made. There is no express statutory provision for certification of the party's candidates for presidential electors. In the absence of an express statute, we are of the opinion that certification in accordance with Articles 11.04 and 13.39, as was done in this instance, would clearly be sufficient.

The certificate recites that the presidential elector candidates were nominated at a state convention held on August 18, 1960. There is no statute prescribing how or when presidential elector candidates are to be selected, and "a party is free to follow any method which it may choose in keeping with party usages and customs, so long as it does not pursue a method expressly prohibited by law." Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (1944); Seay v. Latham, 143 Tex. 1, 182 S.W.2d 251 (1944). These cases recognize that the candidates may be selected at state conventions, which is the customary method for their selection. If the Prohibition Party could lawfully hold a state convention on August 18, it could nominate its presidential elector candidates at that convention.

Article 13.35 of the Election Code fixes the third Tuesday in September as the date on which parties that cast 200,000 votes or more for Governor at the last preceding general election shall hold the state convention for canvassing the primary election returns for state offices and for announcing a party platform and transacting other business as set out in Articles 13.37 and 13.38. Article 13.45 fixes the Monday preceding the last Tuesday in May as the date on which a state convention for nominating candidates for state offices and for United States Senator shall be held by parties whose nominee for Governor in the last preceding general election received as many as 10,000 votes and less than 200,000 votes. Article 13.58

fixes the second Tuesday following the second primary election as the date on which any political party desiring to elect delegates to a national convention shall hold a state convention for that purpose. These are the only statutes fixing the dates for state conventions.

The Prohibition Party did not have a nominee for Governor at the general election in 1958. It therefore does not come within the provisions of any statute prescribing the time for holding a state convention other than Article 13.58, relating to the convention for electing delegates to a national convention. Seay v. Latham, supra, held that a party is not required to select its presidential elector candidates at this convention.

The courts have held that matters not regulated by statute are within the control of the party itself. Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816 (1948); Morris v. Mims, 224 S.W. 587 (Tex.Civ.App. 1920). Since there is no statute which would prohibit the Prohibition Party from holding a state convention for nomination of presidential elector candidates on a date not designated by statute for the conventions of parties within existing statutory regulations, we are of the opinion that the party could lawfully hold the convention at some other time.

It is our opinion that the certificate you have received does not on its face show any invalidity in the nomination procedures followed by the Prohibition Party. The next inquiry is whether an examination of official records reveals any defect in these procedures which would invalidate the nomination.

You have informed us that the State Committee of the Prohibition Party did not certify to your office a decision as to whether the party would nominate state, district and county officers by convention or primary elections, as provided in Article 13.46 of the Election Code, nor did you receive any notice as to the hour and place at which a convention for selecting delegates to a national convention was to be held, as provided in Article 13.58. You have asked whether the failure to comply with these statutory provisions would affect your duty to certify the party's nominees for President and Vice-President.

Article 13.46 reads as follows:

"The State Committee of political parties which are not required by law to make nominations by a primary election shall meet at some place in the State to be designated by the chairman thereof on the second Monday in February and shall decide, and by resolution declare, whether they will nominate

State, district and county officers by convention or primary elections, and shall certify their decision to the Secretary of State."

Presidential electors are not "state officers" within the meaning of this statute. Stanford v. Butler, supra. Even though the State Committee had decided to hold primaries for nominating state, district and county officers and had certified this decision to the Secretary of State, the party would still have been free to select its presidential elector candidates by convention. Since nomination of presidential elector candidates is not controlled by this statute, it follows that the failure to give notice to your office would not affect the validity of these nominations. It therefore becomes unnecessary to consider whether the record of certificates received in your office under this statute is within the class of official records which you could examine in the present instance, or whether failure to file the notice under Article 13.46 would vitiate nominations for offices which do come within its provisions.

Article 13.58 provides that the State Executive Committee shall notify the Secretary of State as to the hour and place at which the state convention to elect delegates to a national convention will be held. As already pointed out, the presidential elector candidates for the Prohibition Party were not nominated at a convention held under the provisions of this statute. There is no statute requiring that the Secretary of State be notified of other state conventions held by this party, and the failure to file a notice would be immaterial to the validity of action taken by the convention held on August 18.

Whether the Prohibition Party is a duly organized political party entitled to have its nominees for President and Vice-President placed on the ballot, whether its nominating conventions were legally constituted, and whether the party has failed to comply with any statutory requirements going to the validity of the nominations, are matters which you are not authorized to determine. These are questions of mixed law and fact, and their determination would depend on an ascertainment of facts dehors the certificate and official records. Since the certificate complies with statutory requirements and no illegality in the making of the nominations is shown by the certificate or other official records, we are of the opinion that it is your duty to certify the party's candidates for President and Vice-President to the county clerks.

## SUMMARY

Where a certificate of the nomination of candidates by a political party for President and Vice-President and for presidential electors has been filed with the Secretary of State in compliance with statutory requirements and no illegality in the making of the nominations is shown by the certificate or other official records, it is the duty of the Secretary of State to certify the candidates for President and Vice-President to the county clerks for placement on the general election ballot.

A political party which did not cast as many as 10,000 votes for Governor in the preceding general election may nominate presidential elector candidates at a state convention held on some date other than a date fixed by statute for the conventions of parties within existing statutory regulations. The party is not required to notify the Secretary of State of the time and place at which the convention will be held.

Presidential electors are not state officers within the scope of Article 13.46 of the Election Code, and failure to notify the Secretary of State whether nominations for state, district and county offices was to be made by conventions or by primary elections would not affect the validity of the party's nominations for presidential electors.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Houghton Brownlee, Jr.
Gordon C. Cass
J. C. Davis, Jr.
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore