NUMBER 13-08-00330-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE VANESSA CAHILL


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


OPINION



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Opinion by Chief Justice Valdez



 Relator, Vanessa Cahill, filed a petition for writ of mandamus in the above cause on
May 23, 2008, asking this Court to compel Michael A. Bertuzzi, the Nueces County
Republican Chairman ("County Chair"), to grant relator access to copies of precinct
convention minutes. After duly considering the petition and the County Chair's response
thereto, the Court conditionally GRANTS the petition for writ of mandamus as stated
herein. (1)

I. Background


 In March 2008, Cahill, who was elected as a delegate to the Republican County
Convention for Nueces County, requested that the County Chair produce copies of the
precinct minutes/records from the precinct meetings for every precinct in Nueces County. 
The County Chair refused to produce these records, and this original proceeding ensued. 
Cahill argues that the Texas Election Code imposes on the County Chair the duty to
maintain, as public information, copies of all Nueces County precinct minutes for the
remainder of that election year. In response, the County Chair contends that (1) this Court
lacks jurisdiction over the petition, (2) the petition for writ of mandamus is deficient, (3) the
records are not public information, (4) the County Chair has no duty to provide access to
these documents, and (5) Cahill has an adequate remedy through the procedures and
processes within the Republican Party itself. 

 II. Jurisdiction


 Our jurisdiction over this original proceeding is delineated by section 273.061 of the
Texas Election Code: 

 The supreme court or a court of appeals may issue a writ of mandamus to
compel the performance of any duty imposed by law in connection with the
holding of an election or a political party convention, regardless of whether
the person responsible for performing the duty is a public officer.


Tex. Elec. Code Ann. § 273.061 (Vernon 2003); see, e.g., In re Torry, 244 S.W.3d 849,
851 (Tex. 2008) (orig. proceeding) (per curiam). The election code further provides that
"[t]he performance of a duty placed by this code on an officer of a political party is
enforceable by writ of mandamus in the same manner as if the party officer were a public
officer." Tex. Elec. Code Ann. § 161.009 (Vernon 2003); In re Dupont, 142 S.W.3d 528,
531 (Tex. App.-Fort Worth 2004, orig. proceeding). Accordingly, this Court has jurisdiction
to consider relator's petition for writ of mandamus and to compel the performance of any
duty imposed by law in connection with the holding of an election or political party
convention. See Tex. Elec. Code Ann. §§ 273.061; In re Jackson, 14 S.W.3d 843, 846
(Tex. App.-Waco 2000, orig. proceeding). 

 Our mandamus jurisdiction, and thus, the scope of our review, is confined to that
issue which is clearly regulated by statute, that is, access to the precinct minutes. 
Otherwise, as long recognized by the Texas Supreme Court, the judiciary has no power
to control the electoral process or matters referable to the internal issues of political
parties:

 Except to the extent that jurisdiction is conferred by statute or that the subject
has been regulated by statute, the courts have no power to interfere with the
judgments of the constituted authorities of established political parties in
matters involving party government and discipline, to determine disputes
within a political party as to the regularity of the election of its executive
officers, or their removal, or to determine contests for the position of party
committeemen or convention delegates.


Wall v. Currie, 147 Texas 127, 129, 213 S.W.2d 816, 817 (1948) (quoting with approval
29 C.J.S. Elections § 88); see Dick v. Kazen, 156 Tex. 122, 126, 292 S.W.2d 913, 916
(Tex. 1956) ("The holding of elections and the election procedure is a part of the political
power of the State, and except as provided by statute, the judiciary has no control over
them."); Runyon v. Kent, 239 S.W.2d 909, 910 (Tex. Civ. App.-San Antonio1951, writ
re'fd). Accordingly, we reach no other issue herein.

III. The Petition for Writ of Mandamus


 The County Chair contends that Cahill's petition for writ of mandamus is defective
because her verification is deficient. Rule 52.3 of the Texas Rules of Appellate Procedure
provides for the form and content of a petition in an original proceeding. Tex. R. App. P.
52.3. Specifically, rule 52.3 provides that "[a]ll factual statements in the petition must be
verified by affidavit made on personal knowledge by an affiant competent to testify to the
matters stated." See id. 

 In this case, Cahilll's verification asserts that the factual statements in the petition
are true and correct "to the best of her knowledge." Such alleged defect is subject to
correction, see Rosedale Partners, Ltd. v. 131st Judicial Dist. Court, Bexar County, 869
S.W.2d 643, 646 (Tex. App.-San Antonio 1994, orig. proceeding), and, given the exigency
of this original petition, we do not consider this matter preclusive of our consideration of the
issue herein. See, e.g, Tinsley v. Downey, 822 S.W.2d 784, 785 (Tex. App.-Houston [14th
Dist.] 1992, orig. proceeding) (granting mandamus relief despite presence of similar
verification). But see Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); Price
v. Am. Nat'l Ins. Co., 113 S.W.3d 424, 429-30 (Tex. App.-Houston [1st Dist.] 2003, no
pet.). 

 The County Chair further asserts that the exhibits to relator's petition for writ of
mandamus are not admissible in evidence and, accordingly, relator lacks any "valid
evidence" to support her assertions. However, the Texas Rules of Appellate Procedure
do not require that any such exhibits be admissible evidence. See generally Tex. R. App.
P. 52.3(j), 52.7. (2) 

IV. Analysis


 The Texas Election Code contains specific provisions governing the duties of the
County Chair and the creation and retention of the precinct minutes at issue. Under
section 174.027 of the election code, governing the "Records of Convention," the
convention chair of a precinct convention makes lists of the names and residential
addresses of the delegates and any alternatives and precinct convention participants. See
Tex. Elec. Code Ann. § 174.027(a),(b) (Vernon 2003). The convention chair delivers the
originals and copies to the County Chair. See id. § 174.027(c) (Vernon 2003). The County
Chair retains the copies of the lists until the end of the voting year in which they are
received, see id. § 174.027(d) (Vernon 2003), and "the original lists are not public
information." See id. § 174.027(f) (Vernon 2003). Section 161.004 of the election code,
entitled "Party Document as Public Information," provides that, "[i]f a document, record, or
other paper is expressly required by this title to be filed, prepared, or preserved, it is public
information unless this title provides otherwise." See id. § 161.004 (Vernon 2003)
(emphasis added).

 The Republican Party Rules provide further information regarding the nature of the
precinct minutes at issue herein. The Rules provide, in the general rules for precinct
conventions, under the heading of "Chairman's Responsibilities:"

 a. Record of the Precinct Convention


 The Permanent Chairman of the Precinct Convention shall be
responsible for seeing that an accurate written record (minutes) is
kept of all convention proceedings, including the list of persons
present and their residence addresses and a list of delegates and
alternates elected to the county or Senatorial District convention with
residence addresses, including towns shown thereon. The
Permanent Chairman of the Precinct Convention shall record the list
of persons present and the list of delegates and alternates elected to
the county or Senatorial District Convention in triplicate. A signed
copy of the written record shall be available for copying by any
participant in the convention for a period of thirty (30) minutes
immediately following adjournment of the convention. Upon request,
the permanent chairman shall certify any correct copy.


 b. Transmittal of Precinct Convention Minutes: The Permanent
Chairman of the Precinct Convention shall sign and safely transmit to
the county chairman no later than the third day after the date of the
precinct convention or deposit in the mail not later than the second
day after the date of the precinct convention such record (minutes)
and a copy thereof, and maintain a third copy for himself at least until
the end of that year's biennial state convention. In multi-district
counties, the County Chairman shall deliver the original record to the
temporary chairman of the Senatorial District conventions. The copy
shall be public record. 


Rule 22 of the Rules of the Republican Party (emphasis added).

 Based on the foregoing, the County Chair is in possession of copies of the
requested minutes and those copies are a matter of "public record" or "public information." 
Nevertheless, the County Chair contends that he has no duty to provide access to the
requested records. We conclude that the duty to provide access to public records is
provided by statute or necessarily implied from other powers and duties given or imposed
by statute. Otherwise, the County Chair's reading of the relevant statutes and rules would
frustrate the legislative mandate that the "information is public unless this title provides
otherwise." See Tex. Elec. Code Ann. § 161.004. We, therefore, hold that the County
Chair has a statutory duty to retain copies of these records and the copies are public
records. Accordingly, the County Chair has the duty to provide a mechanism for the review
of these records by the public. 

 Finally, the County Chair contends that relator has an adequate remedy through the
procedures and processes of the Republican Party because the party rules provide for the
resolution of such disputes within the party. While the party rules provide for the resolution
of certain disputes within the party, they neither provide a mechanism for reviewing the
instant documents at this point in time, nor do they allow for a timely resolution of this
matter. See, e.g., In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig.
proceeding) (in determining whether appeal is an adequate remedy, appellate courts
consider whether the benefits outweigh the detriments of mandamus review). Moreover,
given the exigent nature of the instant case, the party's dispute resolution proceeding may
come too late to provide relator with any meaningful relief. Thus, we cannot agree that
relator has an otherwise adequate remedy. 

V. Conclusion


 The Court, having examined and fully considered the petition for writ of mandamus
and response thereto, is of the opinion that relator has shown herself entitled to the relief
sought. We conditionally grant Cahill's petition for writ of mandamus without hearing oral
argument, see Tex. R. App. P. 52.8(c), and direct the County Chair to allow Cahill
immediate access to the precinct minutes at issue and to notify the Clerk of this Court by
5:00 p.m. tomorrow that he has done so. We are confident that the County Chair will
promptly comply, and our writ will issue only if he does not.

 
 

 ______________________

 ROGELIO VALDEZ,

 Chief Justice


Memorandum Opinion delivered and filed

this the 3rd day of June, 2008.
1. In her petition for writ of mandamus, relator identified the Republican Party of Texas as the real party
in interest and Michael A. Bertuzzi as the respondent. See Tex. R. App. P. 52.2. Relator has subsequently
identified Michael A. Bertuzzi as the real party in interest and has notified this Court that the Republican Party
of Texas should have "no further involvement in this matter." The Court DENIES the "Motion to Extend Time
to File Response to Writ of Mandamus, Motion to Dismiss and Motion for Damages for Frivolous Pleadings"
filed by the Republican Party of Texas. 
2. In this regard, we note that the structure of the appellate rules contemplate that original proceedings
typically arise from matters in a lower court, and thus require the record to include "certified or sworn"
documents and "properly authenticated" transcripts from "any underlying proceeding." See Tex. R. App. P.
52.7. Such requirements are problematic in cases, as unique as the instant one, which came to this Court
on original jurisdiction without progressing through an "underlying proceeding" in the trial court.