## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 12, 2011

The Honorable Joe Deshotel
Chair, Committee on Business and Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0880

Re: Whether a member of the Legislature may serve as the state chairman of a political party (RQ-0965-GA)

Dear Representative Deshotel:

You ask whether, under articles XVI, section 40, and III, section 19, the Texas Constitution precludes a member of the Legislature from serving as the state chairman of a political party.[1]

Article XVI, section 40 provides, in relevant part:

> (d) No member of the Legislature of this State may hold *any other office or position of profit under this State*, or the United States, except as a notary public if qualified by law.

TEX. CONST. art. XVI, § 40(d) (emphasis added). Article III, section 19 declares:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or *any person holding a lucrative office under* the United States, or *this State*, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

*Id.* art. III, § 19 (emphasis added). Thus, we must determine whether the state chair of a political party holds "any other office or position of profit under this State" or "a lucrative office under . . . this State."

---

[1]Letter from Honorable Joe Deshotel, Chair, House Committee on Business and Industry, to Honorable Greg Abbott, Attorney General of Texas (Apr. 20, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

The Texas Supreme Court has determined that the state chairman of a political party does not hold an office or position "under this State."[2] In 1916, the court held that "[p]olitical parties are political instrumentalities. They are in no sense governmental instrumentalities." *Waples v. Marrast*, 184 S.W. 180, 184 (Tex. 1916), *overruled in part on other grounds, Bullock v. Calvert*, 480 S.W.2d 367, 370 (Tex. 1972); *accord Koy v. Schneider*, 218 S.W. 479, 480 (Tex. 1920); Tex. Att'y Gen. Op. No. JC-0562 (2002) at 2 ("under Texas law a political party is not a state or governmental agency"). Moreover, the Texas Supreme Court has declared that "officers of a political party, such as members of a party executive committee, are not governmental officers, even when provided for by statutory law." *Wall v. Currie*, 213 S.W.2d 816, 819 (Tex. 1948); *see also Carter v. Tomlinson*, 227 S.W.2d 795, 799 (Tex. 1950) ("[o]fficers of a political party, such as chairmen of the County Executive Committees and precinct committeemen, although provided for by election laws, are not regarded as public or governmental officers"); Tex. Att'y Gen. Op. No. JC-0562 (2002) at 2–3 ("officers of a political party . . . *are not public or governmental officers*").[3]

Because the state chairman of a political party does not hold an office or position *under this State*,[4] neither article III, section 19, nor article XVI, section 40(d) of the Texas Constitution prohibits a member of the Legislature from serving in such a position.[5] As a result, we need not determine whether the chairman holds either a "position of profit" or a "lucrative office."

---

[2]A brief attached to your request letter states that the position at issue here—state chairman of a political party—is a non-compensated position. *See* Brief from Renea Hicks, Law Office of Max Renea Hicks at 2 (attached to Request Letter).

[3]By statute, in order to serve as a *county* or *precinct* chair of a political party, a person must, inter alia, not "be the holder of, an elective office of the federal, state, or county government." TEX. ELEC. CODE ANN. § 161.005(a) (West 2010). But no statute prohibits an elected state official from serving as the *state* chair of a political party. Clearly, the Legislature knows how to prohibit such dual service, but has not done so in the situation you present. *See* Tex. Att'y Gen. Op. No. GA-0779 (2010) at 3 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) for the proposition that the Legislature knows how to enact a law effectuating its intent).

[4]Neither does common-law incompatibility apply to your question. It is well established that both positions must be public offices in order for "conflicting loyalties" incompatibility to be applicable. Tex. Att'y Gen. Op. Nos. GA-0350 (2005), GA-0169 (2004), JM-1266 (1990); Tex. Att'y Gen. LOs-96-148, 95-029, 93-027.

[5]We overrule, to the extent of conflict, Letter Opinion 95-073, which states that a political party in its role of conducting the Texas primary elections functions as an agency of the state. Tex. Att'y Gen. LO-95-073, at 3.

## S U M M A R Y

Because the state chairman of a political party does not hold an office or position *under this State*, a member of the Legislature is not barred from serving as the state chairman of a political party under either article III, section 19 or article XVI, section 40(d) of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee