

# NUMBER 13-26-00252-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RICHARD GONZALES AND HIDALGO COUNTY DEMOCRATIC PARTY COUNTY EXECUTIVE COMMITTEE

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Richard Gonzales and the Hidalgo County Democratic Party County Executive Committee assert that the trial court abused its discretion by denying their motion to dismiss under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss. *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam). In such cases, a party has no adequate remedy by appeal. *In re Oncor Elec. Delivery Co.*, 716 S.W.3d 525, 530 (Tex. 2025) (orig. proceeding).

Here, relators have alleged that the real parties' claims have no basis in law because "Texas courts lack jurisdiction over internal political party governance disputes absent specific statutory authorization." TEX. R. CIV. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."). The Texas Supreme Court has described the internal political party dispute doctrine as follows:

> Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving party government and discipline, to determine disputes within a political party as to the regularity of the election of its executive officers, or their removal, or to determine contests for the position of party committeemen or convention delegates.

*Wall v. Currie*, 213 S.W.2d 816, 817 (Tex. 1948) (quoting with approval 29 C.J.S. Elections § 88); *see Carter v. Tomlinson*, 227 S.W.2d 795, 798 (Tex. 1950); *Dick v.*

2

*Kazen*, 292 S.W.2d 913, 916 (Tex. 1956) (orig. proceeding). The Supreme Court has explained that a Texas political party "cannot operate if the courts entertain the suit of every member who concludes that he is in disagreement with its decisions." *Holland v. Taylor*, 270 S.W.2d 219, 221 (Tex. 1954).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest Melissa Jalomo, Stacy Solis, and Eduardo De La Rosa, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Relators' motion to dismiss was filed on December 4, 2025; however, the real parties in interest thereafter timely amended their pleadings to include new factual allegations and statutory causes of action which were not addressed in relators' motion to dismiss and which the trial court was required to consider in making its ruling. *See* TEX. R. CIV. P. 91a.5; *Parker v. Ohio Dev., LLC*, No. 04-23-00069-CV, 2024 WL 1864756, at *3 (Tex. App.—San Antonio Apr. 30, 2024, pet. denied) (mem. op.). In this original proceeding, relators do not provide argument or authority regarding the effect of the real parties' amended pleadings on their motion to dismiss. *See* TEX. R. APP. P. 52.3(i); *In re Mansour*, 630 S.W.3d 103, 109 (Tex. App.—San Antonio 2020, orig. proceeding). We deny the petition for writ of mandamus without prejudice.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
19th day of May, 2026.

3