WILLIAM B. GREENOUGH, Atty.-Gen., *ex rel.* TIMOTHY P. DWYER *et al., vs.* DENNIS LUCEY *et al.*

FEBRUARY 16, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Elections. Political Committees. Public Officers. Quo Warranto.*

The fact that the legislature has deemed it expedient to regulate by statute the election and conduct of political committees does not make the office a public one. The members are officers of the party which elects them. Hence the attorney-general is not properly a party to a petition, in the nature of *quo warranto,* relating to the office of ward committee.

(2) *Public Office. Political Committees. Quo Warranto.*

Gen. Laws cap. 263, as amended by court and practice act, section 1160, provides: "SECTION 1. The title to any office, to determine which the writ of *quo warranto* lies at the common law, may be. brought in question by petition in equity in the supreme court."

Court and practice act, section 2, provides, that "The supreme court . . may entertain informations in the nature of *quo warranto* and petitions in equity to determine title to any office:—"

*Held,* that, membership in a political ward committee not being a public office, the title to such office could not be inquired into by *quo warranto* at the common law, and the power of the court in this regard was not enlarged by court and practice act, section 2, which gives original jurisdiction to the court of such petitions as are properly brought, under the limitations of court and practice act, section 1160.

*Sherry* v. *O'Brien, et als,* 22 R. I. 319, limited.

PETITION IN EQUITY in nature of *quo warranto.* Petition dismissed.

DUBOIS, J. This is a petition in equity in the nature of *quo warranto* under General Laws, chapter 263, as amended by the court and practice act, section 1160.

It is brought not only by the attorney-general of the State at the relation of Timothy P. Dwyer, Dennis J. Sugrue, Daniel J. Hanley, Bernard I. McElroy, James P. Lyons, Michael J. O'Brien, and John E. Hurley, but also by the relators themselves, as petitioners, to cause Dennis Lucey, John Deignan, John F. Turbidy, Daniel J. Lowney, Timothy Mahoney, Thomas F. Doyle, and John J. Shea to be ousted from, and said relators to be declared elected to, the office of democratic ward committee of the first ward of the city and county of Providence, in the State of Rhode Island.

The fact that the attorney-general is a party to this proceeding naturally calls forth the inquiry: Is membership in a ward committee of one of the cities of the State a public office? for if it is not, the attorney-general can not intervene.

A similar question has been answered in the negative in the case of *Attorney General* v. *Drohan*, 169 Mass. 534, in which Morton, J., speaking for the court, said: " The first question is whether the relators, as members of the Democratic City Committee, of Boston, hold public offices. If they do not, this information cannot be maintained, since the attorney-general can intervene in matters of this nature only so far as they relate to public offices. . . .

" Except for the fact that several acts have been passed by the legislature which relate, amongst other things, to political committees, no one would contend, we presume, that the members of a political committee belonging to one of the political parties hold public office by reason of their being members of such committee. We do not think that the effect of these statutes has been or is to make that a public office which was not one before their enactment. Without attempting an exhaustive definition of what constitutes a public office, we think that it is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power, whether great or small, and in whose proper performance all citizens, irrespective of party, are interested, either as members of the entire body politic, or of some duly established division of it. *Brown* v. *Russell*, 166 Mass. 14; *United States* v. *Hartwell*, 6 Wall. 385; *People* v. *Nostrand*, 46

N. Y. 375; *People* v. *Brooklyn,* 77 N. Y. 503; *Opinion of the Justices,* 3 Greenl. 481.

(1)    " A distinction has been taken between public office and public employment to which it is not necessary now to do more than to refer. *Brown* v. *Russell, ubi supra.* Manifestly, membership in a political committee belonging to one party or another does not come within the above description of what constitutes public office. The fact that the legislature has deemed it expedient to regulate by statute the election and conduct of political committees does not make the office a public one. The members of them continue to be, as before, the officers of the party which elects them, and their duties are confined to matters pertaining to the party to which they belong, and which alone is interested in their proper performance."

(2)    We are satisfied with the correctness of the foregoing reasoning and are convinced that the proceeding so far as the attorney-general is concerned was improperly brought; and also that the petition itself can not be maintained by the relators as petitioners under the provision of General Laws, chapter 263, which, as amended by the court and practice act, section 1160, reads as follows:

" SECTION 1. The title to any office, to determine which the writ of *quo warranto* lies at the common law, may be brought in question by petition in equity in the supreme court."

The scope of *quo warranto* was well stated by Ames, C. J., in *State* v. *Brown,* 5 R. I. at p. 7, as follows: " The writ, or information in the nature of a writ of *quo warranto* is in the nature of a writ of right, we are told, for the king or state, against him who claims or usurps any office, franchise, or liberty, to inquire by what authority he supports his claim, in order to determine the right; 3 Black. Com. 262; and it lies for usurping any office, whether created by charter of the crown alone, or by the crown with the consent of parliament; provided the office be of a public nature, and a substantive office, and not merely the function or employment of a deputy or servant, held at the will or pleasure of others. *Darley* v. *Regina* (in Error), 12 Cl. & Fin. 520."

Membership in the democratic ward committee of the first ward

of the city of Providence is not a public office, but it is an office of a political party. The very act under which the petitioners lay claim to the office, viz., Pub. Laws, cap. 1078 (passed Dec. 12, 1902), recognizes that there is a difference between public officers and officers of a political party, and in section 18 provides for the punishment of members of either class who shall offend against its provisions. It is therefore evident that the petitioners have not brought a case within the purview of *quo warranto* at the common law. We do not think that the court and practice act, section 2, which, among other things, provides that " The supreme court　.　.　.　may entertain informations in the nature of *quo warranto* and petitions in equity to determine title to any office," enlarges the power of the court in this regard, as section 1160 of the same act defines the right to apply by petition in equity and the limits of it, while section 2 gives original jurisdiction to the court of such petitions when properly brought. We are without authority to determine the title of the petitioners to the office which they claim. In this respect our jurisdiction is less ample than that conferred upon the courts of Massachusetts, as appears in the following extract from the opinion of the court in *Attorney General* v. *Drohan, supra*, p. 536: " Neither is it necessary, in order to protect the rights of members of political committees, that the office should be regarded as a public one. As already observed, that may be done by proceedings instituted in their own names by those whose rights have been interferred with, and this court and the Superior Court are expressly given full powers at law and in equity to enforce the provisions of the statutes relating to political committees and caucuses."

While the case of *Sherry* v. *O'Brien et als.*, 22 R. I. 319, is apparently in point, in reality it is not, for it seems to have been decided upon its merits with the consent of, or at least without objection on the part of, the respondents, and without solemn argument calling the attention of the court to the radical objections to the proceedings which have been considered in the case

at bar. Hence we do not regard it as a binding authority in the present case.

Petition denied and dismissed.

*John Doran and James H. Thurston,* for relators.
*Irving Champlin and James Harris,* for respondents.