Hillsborough, }
Nov. 5, 1907. }

ATTORNEY-GENERAL *(ex rel.* BRODERICK *& a.)* v. BARRY *& a.*

The local executive committee of a political party are not public officers, and cannot bring an information in the nature of *quo warranto,* in the name of the attorney-general, to determine a controversy as to membership.

A dispute as to the membership of a local executive committee of a political party must be decided by some tribunal within the party ; and when it has been so determined, the court will make such decree as is necessary to enforce the rights of the regularly constituted members.

The state committee and the state convention of a political party are its regularly constituted tribunals to determine the membership of the local executive committee in any town.

INFORMATION, in the nature of *quo warranto,* to determine what persons constitute the local executive committee of the democratic party in Ward 5, Manchester. The relators were recognized as

such committee by the democratic state convention and are now recognized by the state committee of that party. Facts agreed. Transferred without a ruling at the request of the parties by *Peaslee*, J., from the January term, 1907, of the superior court.

*James A. Broderick*, for the relators.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. Although a political campaign affects the public and is in that sense public business, the fact that it is the business of the members of the local executive committee of a political party to conduct such campaigns does not make them public officers. *Attorney-General* v. *Drohan*, 169 Mass. 534; *Greenough* v. *Lucey*, (R. I.) 66 Atl. Rep. 300. Neither does the fact that chapter 93, Laws 1905, imposes certain duties on the members of such committees make them public officers. The law regulates the method of conducting many other kinds of business, but it has never been suggested that the persons who conduct a business so regulated are public officers. This disposes of the case in its present form. *Meehan* v. *Bachelder*, 73 N. H. 113. But the relators suggest that if they have misconceived their remedy they shall move for leave to amend by discontinuing as to the attorney-general : and as it is assumed that such a motion, if made, will be allowed as a matter of course, the question the relators seek to raise in this proceeding has been considered.

The caucus act (Laws 1905, *c.* 93) neither provides who shall constitute the local executive committee of a political party, nor how they shall be elected or appointed, and therefore it has no bearing on the question under consideration. As there are no other statutory provisions on the subject, when there is a dispute as to who are the regularly elected members of such a committee in a particular town or ward the question must be decided by some tribunal within the party ; for who are the proper persons to conduct a campaign is not a question for the court, but for the party, to settle. *Moody* v. *Trimble*, 22 Ky. L. R. 692. When the question has been determined by the proper tribunal within the party, the court will make such a decree as is necessary to enforce the rights of the regularly constituted committee. *Attorney-General* v. *Drohan, supra*.

There can be no doubt but what "the state committee and the state convention of a party are its regularly constituted" tribunals to determine whether the relators or the defendants are the local executive committee (*In re Fairchild*, 151 N. Y. 359; *Cain* v. *Page*, 19 Ky. L. R. 977; *Phillips* v. *Gallagher*, 73 Minn. 528;

*State* v. *Liudahl*, 11 No. Dak. 320) ; and it is agreed that both of these tribunals have considered that question and decided it in favor of the relators.   Consequently, when their motion to amend is allowed there will be a decree in their favor.

*Case discharged.*

All concurred.