**284**

Ivan MARTINEZ, Appellant,

v.

The DEMOCRATIC COMMITTEE FOR RE-
SPONSIBLE GOVERNMENT, Appellee.

No. 4781.

Court of Civil Appeals of Texas,
Eastland.

March 21, 1975.

Rehearing Denied April 11, 1975.

Timothy E. Kelley, Dallas, for appellant.

Earl Luna, Ronald A. Dubner, Dallas,
for appellee.

WALTER, Justice.

Ivan Martinez was a candidate for the office of Precinct Chairman of the Democratic Party in Precinct 246 in Dallas County at the primary election held in May of 1974. Martinez, individually and as a member of a class, filed suit against The Democratic Committee For Responsible Government alleging that the Committee was a political committee within the meaning of Article 14.01 of the Texas Election Code, V.A.T.S.; that the Committee failed to designate a campaign manager and report its contributions and expenditures as required by law and that he is entitled to recover double the amount of all contributions and expenditures of the Committee plus a reasonable attorney's fee. The Committee's motion for a summary judgment was granted and Martinez has appealed.

The Committee's motion for summary judgment was supported by the affidavit of Harry W. Morgan which reveals that his only opponent for the office of Precinct Chairman of the Democratic Party for Precinct 246 in Dallas County was Ivan Martinez; that he did not receive any money, advances, deposits, transfer of funds, goods, services, or anything of value from either George Bock or The Democratic Committee for Responsible Government. Martinez did not file any summary judgment evidence in opposition to said affidavit and the Committee's motion for a summary judgment.

In Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958), the court said:

"When a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his

inability to do so and seek appropriate relief under subdivision (f) of Rule 166A."

Article 1.03 Subdivision 1, Texas Election Code provides that the Secretary of State shall be the Chief Election Officer of this state. It sets forth his duties and responsibilities. One such responsibility is "interpretation of the election laws". A campaign contribution and expenditure directive dated October 12, 1973, was issued by the Secretary of State and is attached to the defendant's original answer. The directive provides:

"The provisions concerning contributions and expenditures are applicable to every election to nominate or elect a candidate to public office except for elections for the office of Presidential Elector. *Party offices are not subject to such provisions.* The provisions concerning political advertising are applicable to every election including elections to the office of Presidential Elector and party offices." (Emphasis added)

▆▆ We agree with the directive of the Secretary of State. Article 14.01 of the Election Code provides the following definitions:

"(e) 'Election' is defined as any election held to nominate or elect a candidate to any public office. It shall also include any election at which a measure is submitted to the people.

(f) 'Public office' is defined as any office created by or under authority of the laws of the United States or of this state, that is filled by the voters."

Our Supreme Court in Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816 (1948), stated:

"It is well established in this state, as well as in a majority of the other states, that officers of a political party, such as members of a party executive committee, are not public or governmental officers, even when provided for by statutory law. Walker v. Mobley, 101 Tex. 28, 103 S.W.

490; McCombs v. Stevenson, Tex.Civ. App., 195 S.W.2d 566; Walker v. Hopping, Tex.Civ.App., 226 S.W. 146; People v. Kramer, 328 Ill. 512, 160 N.E. 60; Attorney-General v. Barry, 74 N.H. 353, 68 A. 192; Commonwealth v. Dunkle, 355 Pa. 493, 50 A.2d 496, 169 A.L.R. 1277; 18 Am.Jur. p. 271; 34 Tex.Jur. p. 332."

In Carter v. Tomlinson, 149 Tex. 7, 227 S.W.2d 795 (1950), our Supreme Court said:

"And it is held that officers of a political party, such as chairmen of the County Executive Committees and precinct committeemen, although provided for by election laws, are not regarded as public or governmental officers. Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880; Waples v. Marrast, 108 Tex. 5, 184 S.W. 180, L.R.A.1917A, 253; Walker v. Mobley, 101 Tex. 28, 103 S.W. 490; McCombs v. Stevenson, Tex.Civ. App., 195 S.W.2d 566; Walker v. Hopping, Tex.Civ.App., 226 S.W. 146; 16 Tex.Jur., pp. 56–59, § 47–49."

We hold that chapter 14 of the Texas Election Code applies to "election" for "public office" and has no application to elections for political party offices. Martinez sought a political party office.

Even if we be incorrect in our interpretation of said Election Code, the summary judgment evidence establishes as a matter of law that Martinez is not entitled to recover under Article 14.05 which states:

"Art. 14.05 Civil Remedy

(a) Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful campaign contribution or expenditure in support of a candidate shall be civilly liable to each opposing candidate whose name shall appear on the ballot in the next election after such contribution or expenditure is made for double the amount or value of such unlawful campaign con-

**286**

tribution or expenditure and reasonable attorneys fees for collecting same."

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.