OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 11, 2002

The Honorable Michael S. Wenk
Hays County Criminal District Attorney
Hays County Justice Center
110 East Martin Luther King
San Marcos, Texas 78666

Opinion No. JC-0562

Re: Whether a city official who becomes a candidate for the office of precinct chair of a political party is subject to the "resign-to-run" provision of article XI, section 11 of the Texas Constitution (RQ-0537-JC)

Dear Mr. Wenk:

You ask whether the "resign-to-run" provision of article XI, section 11 of the Texas Constitution is triggered when an elected city official with more than one year remaining in his or her term becomes a candidate for the office of precinct chair of a political party. Because the precinct chair of a political party is not a public office, article XI, section 11 does not apply in such a situation.

As we understand the facts which lead to your request, two members of the City Council of San Marcos, Texas, each of whom had more than a year left in office, filed as candidates for election to separate party precinct chair positions in Hays County.[1] It has apparently been suggested that in so doing, they forfeited their council positions pursuant to article XI, section 11 of the Texas Constitution. This is not the case.

As a preliminary matter, we note that Texas Attorney General Opinions H-698 (1975) and H-876 (1976), which hold that municipal public officials such as these council members may not serve on the executive committees of political parties have, as you suggest, been implicitly overruled by a change in the law. See Tex. Att'y Gen. Op. Nos. H-698 (1975), H-876 (1976). Those opinions interpreted a predecessor statute to what is now section 161.005 of the Election Code, former article 3.04 of the Code, which read in relevant part:

> No one shall act as chairman or as member of any district, county, or city executive committee of a political party who . . . is a candidate for public office, or who holds any office of profit or trust, either under the United States or this state, *or any city or town in this state.*

---

[1] *See* Letter from Honorable Michael S. Wenk, Hays County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Apr. 17, 2002) (on file with Opinion Committee).

Act of May 24, 1963, 58th Leg., R.S., ch. 424, § 9, 1963 Tex. Gen. Laws 1017, 1027 (former article 3.04, section 3 of the Texas Election Code ) (emphasis added). The prohibition on municipal officers acting as party officials, however, does not appear in the current version of the statute, section 161.005 of the Election Code, which reads in relevant part:

> (a) To be eligible to be a candidate for or to serve as a county or precinct chair of a political party, a person must:
>
> . . . .
>
> (2) not be a candidate for nomination or election to, or be the holder of, an elective office *of the federal, state, or county government.*

TEX. ELEC. CODE ANN. § 161.005(a)(2) (Vernon Supp. 2002) (emphasis added). To the extent, therefore, that Attorney General Opinions H-698 and H-876 assert that municipal officers may not be local officers of political parties, those opinions have been superceded by statute. *See* Act of May 23, 1977, 65th Leg., R.S., ch. 363, § 2, 1977 Tex. Gen. Laws 966.

Article XI, section 11 of the Texas Constitution, with which you are principally concerned, requires that, should a home-rule city provide by charter or charter amendment that its officers serve for longer than two years, "such officers, elective or appointive, are subject to Section 65(b), Article XVI, of this constitution, providing for automatic resignation in certain circumstances." TEX. CONST. art. XI, § 11(a). Article XVI, section 65(b), to which article XI, section 11 makes reference, provides for the automatic resignation of certain officers who "announce their candidacy, or in fact become a candidate, in any General, Special, or Primary election for any office of profit or trust under the laws of this State or the United States other than the office then held" if more than one year remains in their term of office. TEX. CONST. art. XVI, § 65(b). "As a general matter, for purposes of the automatic resignation provisions of article XI, section 11 and article XVI, section 65, the term 'office of trust' is interchangeable with the term 'office.'" Tex. Att'y Gen. Op. No. JC-0318 (2000) at 3 (citation omitted). "Courts equate the term 'office of profit' with the term 'lucrative office,' and have concluded that an office is lucrative if the officeholder receives any compensation, no matter how small." *Id.* (citing *Dawkins v. Meyer*, 825 S.W.2d 444, 446-47 (Tex. 1992) and *Willis v. Potts*, 377 S.W.2d 622, 626-27 (Tex. 1964)). " In other words, a person who holds an office of profit holds an office and receives some compensation for doing so." *Id.* Accordingly, the answer to the question of whether the strictures of article XI, section 11 apply in the situation about which you ask depends upon whether or not the chair of the precinct committee of a political party is a public office.

The test in Texas law for whether one is an officer is whether one exercises "any sovereign function of the government . . . for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). But under Texas law a political party is not a state or governmental agency. *See Carter v. Tomlinson*, 227 S.W.2d 795, 799 (Tex. 1950). Accordingly, it is well-settled in Texas that "officers of a political party, such

as members of a party executive committee, *are not public or governmental officers*, even when provided for by statutory law." *Wall v. Currie*, 213 S.W.2d 816, 819 (Tex. 1948) (emphasis added); *see also Carter*, 227 S.W.2d at 799; *Martinez v. Democratic Comm. for Responsible Gov't*, 521 S.W.2d 284, 285 (Tex. Civ. App.–Eastland 1975, writ ref'd n.r.e.). This rule is the majority view among American jurisdictions. *See, e.g., Moore v. Panish*, 652 P.2d 32 (Cal. 1982); *State v. Hoskins*, 978 S.W.2d 779 (Mo. Ct. App. 1998); *Opinion of the Justices*, 197 N.E.2d 691 (Mass. 1964); *Lanza v. DeMarino*, 388 A.2d 1294 (N.J. Super. Ct. App. Div. 1978); *State v. Bivens*, 149 S.E.2d 284 (W. Va. 1966); Ariz. Att'y Gen. Op. No. 49 (1989).

Given then that a position within a political party is not a public office, announcing one's candidacy for or actually becoming a candidate for such a position does not trigger the "resign-to-run" provisions of article XI, section 11 or article XVI, section 65 of the Texas Constitution.

## S U M M A R Y

The precinct chair of a political party is not a public office, and accordingly a municipal officer who has more than one year left in office and becomes a candidate for the precinct chair position has not triggered the automatic resignation provision of article XI, section 11 of the Texas Constitution. Attorney General Opinions H-698 (1975) and H-876 (1976) have been superceded by statute to the extent that they held that municipal officers could not be local officers of political parties.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee